# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| CHRISTINE BELGUM, | DOCKET NUMBER |
| Appellant, | DE-0752-18-0206-I-1 |
| v. | |
| UNITED STATES POSTAL SERVICE, | DATE: July 11, 2024 |
| Agency. | |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Hartley D. Alley</u>, Esquire, San Antonio, Texas, for the appellant.

<u>Deborah M. Levine</u>, Esquire, Denver, Colorado, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which affirmed her removal. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to supplement the administrative judge's analysis of the appellant's disparate penalty claim, we AFFIRM the initial decision.

## BACKGROUND

On June 17, 2016, the appellant, an EAS-20 Postmaster in Holdrege, Nebraska, accompanied a City Carrier Assistant trainee on a delivery route. Initial Appeal File (IAF), Tab 8 at 18, 64. The trainee showed signs of heat-related illness, and he testified[2] that the appellant first encouraged him to drink more water, and then left him to rest on a customer's porch for several minutes while she went to get the delivery vehicle. IAF, Tab 28 at 57-58. The trainee also testified that the appellant provided him with a hat and took him to the nearest grocery store to get fluids and popsicles to cool him down before she took him to the emergency room. IAF, Tab 8 at 43, Tab 28 at 18-19.

The agency issued a January 12, 2018 notice of proposed removal in which it charged the appellant with two specifications of Unacceptable Conduct. IAF,

---

[2] The Board reversed the agency's first attempt to remove the appellant for the misconduct alleged in this matter on due process grounds. *Belgum v. U.S. Postal Service*, MSPB Docket No. DE-0752-17-0120-I-2, Initial Decision (Dec. 12, 2017). The appellant withdrew her request for a hearing in this appeal of the agency's second removal action, IAF, Tab 36 at 4, and, without objection from either of the parties, the administrative judge cited hearing and deposition testimony from the first removal action in adjudicating the second one, IAF, Tab 43, Initial Decision (ID) at 10 nn.9-10.

Tab 8 at 18-21. In the first specification, the agency alleged that the appellant had violated written directives circulated to all Executive and Administrative Schedule (EAS) employees in the Central Plains District (CPD) by the District Manager and Manager of Safety, instructing them to call 911 immediately if an employee shows signs and/or complains of any heat-related symptoms. *Id.* at 18. In the second specification, the agency alleged that the appellant had falsely stated to her manager that she had called 911, and that the trainee was taken to the hospital as a result. *Id.* The deciding official issued a March 16, 2018 decision letter sustaining both specifications and removing the appellant.[3] *Id.* at 13-17.

The appellant appealed her removal. IAF, Tab 1. She withdrew her request for a hearing. IAF, Tab 36. In his order closing the record, the administrative judge found that the agency's second specification was more properly construed as a charge of falsification. IAF, Tab 37 at 1-2. He provided the agency with the elements and burdens of establishing its charges, and explained the appellant's burden to establish her affirmative defenses of (1) due process violation, (2) harmful error, (3) sex discrimination, and (4) retaliation for her prior Board appeal, in which the Board reversed the agency's first attempt to remove her on due process grounds. *Id.* at 3-9.

On the written record, the administrative judge found that the agency established the unacceptable conduct charge, determining that the nature of the charge was one of failure to follow instruction, and that the record showed that (1) the appellant was given a proper instruction, and (2) she failed to follow it. IAF, Tab 43, Initial Decision (ID) at 5-14. The administrative judge found that the agency failed to establish the falsification charge, which he split into two specifications. ID at 15-22. Regarding the first specification, he found that, even though the appellant's statement in a June 17, 2016 email that "911 was called"

---

[3] Although the decision letter did not set forth an effective date, the administrative judge found that the agency removed the appellant effective March 21, 2018, the date she received the decision letter. ID at 3-4 n.5.

was incorrect, preponderant evidence did not establish that she had the intent to deceive required to establish the charge because her testimony that she meant to say that "911 was not called" was credible. ID at 15-18. Concerning the second specification of falsification, the administrative judge similarly found the agency's allegations insufficient to establish that the appellant intentionally falsified an agency accident report to state that 911 was called and that the trainee was transported to the hospital by ambulance. ID at 18-22.

The administrative judge found that the appellant failed to establish that the agency violated her right to due process because the appellant did not show that the deciding official completely failed to consider her written response to the notice of proposed removal. ID at 22-25. Concerning the appellant's contention that the agency conducted a flawed investigation, the administrative judge found that she failed to identify any regulatory requirement concerning the investigation that the agency violated, much less show that any such error had a harmful effect on the outcome of her case. ID at 25. He also rejected the appellant's claim that the agency's failure to identify an effective date for her removal was harmful error. *Id.* The administrative judge further found that the appellant failed to show by preponderant evidence that her removal was motivated by discriminatory animus based on her sex, or was taken in reprisal for her prior Board appeal, in which the agency's action was reversed on due process grounds. ID at 26-31.

The administrative judge found nexus based on the appellant's failure to follow instructions. ID at 31-32. Concerning the penalty, the administrative judge determined that the agency desired the penalty of removal even in the event that it established only one of the charges. ID at 32. He also determined that the appellant failed to identify a valid comparator in support of her allegation of disparate penalties. ID at 36. Ultimately, the administrative judge found that the deciding official considered the relevant factors and that the penalty of removal was within the tolerable limits of reasonableness. ID at 36-37.

In her petition for review,[4] the appellant argues that the administrative judge erred in failing to credit her testimony that she did not know of the instructions to call 911 immediately when an employee shows any sign of heat distress. Petition for Review (PFR) File, Tab 3 at 7-8. She asserts that the administrative judge erred in rejecting her due process and harmful error claims, and she reiterates her argument that the deciding official failed to consider the relevant factors set forth in *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981). *Id.* at 11-14. As mitigating factors, the appellant cites evidence that the trainee concealed information about his health condition, and contends that her caring treatment of him shows that she has good potential for rehabilitation. *Id.* at 14-15. She also argues that the administrative judge failed to address certain errors in the agency's processing of her removal and reiterates her argument that the agency's failure to provide an effective date for her removal in its decision letter means that she was not legally removed from her position. *Id.* at 15-17. The agency has filed a response to the appellant's petition for review and the appellant has filed a reply to the agency's response. PFR File, Tabs 6-7.

## DISCUSSION OF ARGUMENTS ON REVIEW

In her petition for review, the appellant does not challenge the administrative judge's decision concerning the falsification charge. PFR File, Tab 3 at 6; ID at 15-22. The agency also does not challenge this finding. We agree with the administrative judge that the agency failed to establish either specification of the falsification charge and we discern no reason to upset his findings on this charge.

The agency established the unacceptable conduct charge.

The administrative judge found, and we agree, that the nature of the acts alleged in support of the agency's charge in this matter concerns a failure to

---

[4] The appellant requested an extension of the time to file her petition for review, and the Acting Clerk of the Board granted her request. Petition for Review File, Tabs 1-2.

follow instructions. ID at 5-6; IAF, Tab 8 at 18. An agency may prove a charge of failure to follow instructions by establishing that (1) the employee was given proper instructions and (2) the employee failed to follow the instructions, without regard to whether the failure was intentional or unintentional. *Archerda v. Department of Defense*, 121 M.S.P.R. 314, ¶ 16 (2014).

The administrative judge found that the agency established the charge. ID at 5-14. As previously noted, in her petition for review, the appellant argues that the administrative judge failed to credit her testimony that she did not know of the instructions to call 911 immediately should an employee show any sign of heat distress. PFR File, Tab 3 at 7-8. She notes that the administrative judge found that her hearing testimony in the first appeal of her removal was credible, and argues on review that she was cleared of any intentional misconduct. *Id.* at 6-7. She further argues that the administrative judge failed to explain how he could find that she did not act intentionally concerning the instructions to call 911, but still find that she failed to follow instructions. *Id.* at 7. For the following reasons, we agree with the administrative judge.

Failure to follow supervisory instructions does not turn on proof of intent. *Hamilton v. U.S. Postal Service*, 71 M.S.P.R. 547, 555-56 (1996). The administrative judge found that the agency issued instructions concerning heat-related illness, including the instruction to call 911 immediately, on numerous occasions, including six times during the weeks preceding the June 16, 2016 incident at issue here. ID at 6-8. The record reflects that the agency sent emails to all EAS-level employees in the CPD containing this instruction on May 24 and June 2, 8, 9, 13, and 15, 2016. *Id.*; IAF, Tab 8 at 49-52, 68-76, 79-80. Based on those emails, the administrative judge found that the agency had instructed the appellant to call 911 immediately when an employee shows signs of heat-related symptoms. ID at 6-9. The administrative judge went on to find that, based on the testimony before him, the appellant believed that the trainee was

suffering from heat-related symptoms, but that she failed to call 911. ID at 10-14.

Regardless of the appellant's testimony that she did not know of the instructions to call 911 immediately if an employee shows signs of heat distress, we agree with the administrative judge that the agency established both elements of the charge, i.e., that (1) it gave the appellant, who is an EAS-level employee in the CPD, the instructions at issue, and (2) she failed to follow the instructions. ID at 14; *Archerda*, 121 M.S.P.R. 314, ¶ 16.

Accordingly, we affirm the administrative judge's finding that the agency established the charge of unacceptable conduct.

The appellant failed to establish her affirmative defenses.

*Due process*

The appellant argued below that the agency violated her right to due process because the deciding official failed to review and consider her response to the notice of proposed removal. IAF, Tab 39 at 6-8. The administrative judge rejected this claim, citing the deciding official's statement in the decision letter that he had received her "paperwork" concerning the notice of proposed removal. ID at 24; IAF, Tab 8 at 13. The administrative judge found that the absence of the attachments from the agency file did not constitute preponderant evidence that the deciding official failed to review all of the appellant's written response. ID at 24. He also noted that the deciding official's use of the term "paperwork" in his decision letter to describe the appellant's submission indicated that he had received more than just her reply letter. *Id.*; IAF, Tab 8 at 13. Ultimately, because preponderant evidence established that, at a minimum, the deciding official considered the appellant's lengthy and detailed response to the charges, the administrative judge found that the appellant failed to establish that the agency violated her right to due process. ID at 25; *cf. Hodges v. U.S. Postal Service*, 118 M.S.P.R. 591, ¶ 6 (2012) (finding that a deciding official's complete

failure to consider an appellant's written response before issuing a decision constitutes a violation of minimum due process of law).

On review, the appellant reasserts her argument that the agency's failure to provide the attachments to her written reply with the agency file that it submitted below means that the deciding official failed to review them before making his decision. PFR File, Tab 3 at 11-12. She contends in her petition for review that the administrative judge incorrectly concluded that the deciding official considered all the relevant factors and that, as a result, he erroneously dismissed her due process and harmful error defenses. *Id.* at 11-14. The administrative judge, however, thoroughly analyzed the appellant's due process claim, ID at 22-25, and we agree that the evidence failed to show that the deciding official completely failed to consider her written response, *see Hodges*, 118 M.S.P.R. 591, ¶ 6. Thus, the appellant failed to show that the administrative judge erred in rejecting her due process claim.

*Harmful error*

In her petition for review, the appellant challenges the administrative judge's finding that the agency's failure to specify an effective date for her removal was not harmful error.[5] ID at 3-4 n.5, 25; PFR File, Tab 3 at 16-17. The administrative judge found that the decision letter definitively showed that the agency took a removal action, and determined that the decision was effective the date that the appellant received it. ID at 3-4 n.5. On review, the appellant cites *Lavelle v. Department of Transportation*, 17 M.S.P.R. 8 (1983), in support of her argument that the agency's failure to specify an effective date for her removal means that she was "never actually legally removed," PFR File, Tab 3 at 16-17. *Lavelle*, unlike the instant matter, concerns the issue of jurisdiction over the

---

[5] As noted above, the appellant also alleged that the agency's investigation of her misconduct was flawed. IAF, Tab 40 at 14-15. The administrative judge rejected the appellant's claim, finding that she failed to identify any regulatory requirement concerning the investigation that the agency violated, or show that any error in the investigation had a harmful effect on its outcome. ID at 25. The appellant does not challenge this finding on review, and we discern no reason to disturb it.

termination of an individual during a probationary period, specifically addressing whether the appellants involved in that appeal had completed 1 year of current continuous employment before the effective date of their terminations. *Lavelle*, 17 M.S.P.R. at 12-18. The record shows that the appellant has over 18 years of Government service, and it does not reflect that she was serving in any sort of probationary period when the agency removed her. IAF, Tab 1 at 1. Thus, *Lavelle* is distinguishable from the instant appeal, and the appellant has not demonstrated that the administrative judge erred in rejecting this affirmative defense.

*Sex discrimination*

The administrative judge denied the appellant's affirmative defense of sex discrimination, determining that, based on the entirety of the evidence, she failed to show that her removal was motivated by discriminatory animus. ID at 29. Although the appellant initially sought to contest this finding on review, she subsequently withdrew her challenge as incorrect. PFR File, Tab 3 at 9, Tab 5 at 3. Thus, she does not challenge the administrative judge's finding on her affirmative defense of sex discrimination, and we discern no reason to disturb it.

*Reprisal for her prior Board appeal*

As noted above, this is the agency's second attempt to remove the appellant for the misconduct alleged herein because, as discussed above, the administrative judge dismissed the first action on due process grounds. *Belgum v. U.S. Postal Service*, MSPB Docket No. DE-0752-17-0120-I-2, Initial Decision (Dec. 12, 2017). The appellant contended in this appeal that the agency removed her in retaliation for filing that prior appeal because both actions were close in time and involved the same deciding official. IAF, Tab 39 at 6. To the extent that the appellant is reiterating this claim on review, as discussed above, she has provided no basis to disturb the administrative judge's findings. For an appellant to prevail on a contention of illegal retaliation for exercising her rights under 5 U.S.C.

§ 2302(b)(9)(A)(ii), when, like here, she does not allege reprisal for equal employment opportunity activity protected under Title VII, or seek to remedy whistleblower reprisal, she must show the following: (1) she engaged in protected activity; (2) the accused official knew of the activity; (3) the adverse action under review could have been retaliation under the circumstances; and (4) there was a genuine nexus between the alleged retaliation and the adverse action. *See Warren v. Department of the Army*, 804 F.2d 654, 656-58 (Fed. Cir. 1986).

The administrative judge found that it was not unusual or wrongful for the agency to bring a new removal action when the first one was reversed on procedural grounds. ID at 31. We agree with the administrative judge that the appellant failed to show a genuine nexus between the alleged retaliation and the agency's second attempt to remove her. *Warren*, 804 F.2d 654, 658; ID at 31. Moreover, the Board has long held that it is not unusual or wrongful for an agency to do exactly what happened here—pursue another adverse action based on the same charges following the reversal of an action on procedural grounds. *Litton v. Department of Justice*, 118 M.S.P.R. 626, ¶ 12 (2012); *Steele v. General Services Administration*, 6 M.S.P.R. 368, 372 (1981).

Thus, we affirm the administrative judge's findings concerning the appellant's affirmative defenses.

The agency established nexus and the reasonableness of the penalty.

The administrative judge found that there is an obvious nexus between the failure to follow instructions and the efficiency of the service. ID at 31-32. The Board has long held this to be true. *See Blevins v. Department of the Army*, 26 M.S.P.R. 101, 104 (1985) (finding that a failure to follow instructions or abide by requirements affects an agency's ability to carry out its mission), *aff'd*, 790 F.2d 95 (Fed. Cir. 1986) (Table). The parties do not challenge this finding on review, and we discern no reason to disturb it. Concerning the penalty, the administrative judge found that the deciding official considered the relevant

factors, and he determined that the penalty did not exceed the bounds of reasonableness. ID at 36-37.

In her petition for review, the appellant challenges the administrative judge's analysis regarding her claim that the agency treated her more harshly than other similarly situated individuals. Specifically, she argues that the accident reports that she submitted below identify comparators who also failed to call 911 under similar circumstances, but were not disciplined at all. PFR File, Tab 3 at 8-9, 11, 13-14; IAF, Tab 20 at 14, Tab 30. The administrative judge discussed the accident reports and he found that, based on the appellant's statement that none of the EAS employees involved in those heat-related accident reports were disciplined, the appellant failed to identify any valid comparators. ID at 36. The appellant argues that the administrative judge improperly relied on a nonprecedential Board decision[6] to dispose of her claim on the erroneous basis that a proper comparator must actually be charged with misconduct. PFR File, Tab 3 at 10; ID at 36.

An employee need not have been disciplined to be a valid comparator because "evidence regarding similarly-situated employees who received no discipline after committing similar misconduct would also support [a] disparate penalty claim." *Miskill v Social Security Administration*, 863 F.3d 1379, 1384 (Fed. Cir. 2017) (quoting *Fearon v. Department of Labor*, 99 M.S.P.R. 428, ¶ 11 (2005)). Rather, the universe of potential comparators should be limited to those employees whose misconduct and/or other circumstances closely resemble those of the appellant. *Singh v. U.S. Postal Service*, 2022 MSPB 15, ¶ 13. Thus, we agree with the appellant that the administrative judge erred in finding that a potential comparator must actually be charged with misconduct.

---

[6] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

As the Board held in *Singh*, the relevant inquiry is whether the agency knowingly and unjustifiably treated employees differently. *Id.*, ¶ 14; *see Facer v. Department of the Air Force*, 836 F.2d 535, 539 (Fed. Cir. 1988) (providing that a person does not have a legally protected interest in the evenness of a misconduct penalty assessed on him compared to that assessed on others unless employees are knowingly treated differently "in a way not justified by the facts, and intentionally for reasons other than the efficiency of the service"). Here, because the appellant failed to show that the agency knowingly and unjustifiably treated any of her alleged comparators differently, she failed to establish that she was disparately punished, and the administrative judge's error did not prejudice her. *Singh*, 2022 MSPB 15, ¶ 14; *see Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (finding that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).

In her petition for review, the appellant first identifies an accident report that she contends shows that a Postmaster with the same first-line supervisor, who served as the proposing official in the instant matter, was not disciplined under similar circumstances. PFR File, Tab 3 at 9; IAF, Tab 30 at 57-58. She argues that this accident report shows that the Postmaster involved did not call 911 when an employee complained of heat-related distress and instead took the employee to the emergency room himself. PFR File, Tab 3 at 9. However, this incident occurred in July 2015. *Id.* The administrative judge found that the emails which the agency sent beginning in June 2016, instructing all EAS-level employees in the CPD to call 911 immediately when anyone shows signs of heat-related illness, changed and superseded the guidance issued by the CPD in 2015, which did not instruct employees to call 911 immediately. ID at 8-9. Because this particular incident happened under the prior 2015 guidance, and not under the 2016 instruction requiring EAS-level employees to call 911 immediately when anyone shows signs of heat-related illness, the employee is not a proper comparator.

The appellant also argues on review that another of the accident reports she submitted involved a Postmaster who reported to the District Manager of the CPD, who was the individual who sent some of the emailed instructions to call 911 immediately when anyone shows signs of heat-related illness. PFR File, Tab 3 at 11; ID at 6-8; IAF, Tab 8 at 49-50, Tab 30 at 12-13. However, the District Manager did not serve as the proposing or deciding official in this matter, IAF, Tab 8 at 13-21, and the record does not show that he had any involvement in disciplining the appellant. More importantly, the record does not show that the proposing or the deciding officials knowingly treated the appellant differently from other employees at the time they proposed and decided the instant matter. IAF, Tab 30. In fact, the deciding official wrote in his penalty analysis that he was "unaware of any other postmaster who has failed to follow the District Manager's instructions regarding heat-related illness." IAF, Tab 8 at 15. A crucial part of the relevant inquiry is whether the agency knowingly treated employees differently. *See Singh*, 2022 MSPB 15, ¶ 14. Because the evidence does not indicate that the proposing and deciding officials knowingly and unjustifiably treated the appellant differently, the appellant has failed to meet her burden of showing that the agency treated her more harshly than other similarly situated individuals. *Id.*

Concerning the reasonableness of the penalty, the appellant contends on review that the administrative judge incorrectly concluded that the deciding official considered all the relevant factors. PFR File, Tab 3 at 11-14. As previously noted, the appellant argues that the deciding official failed to consider some mitigating factors, i.e., that the trainee concealed information about his medical condition and that she treated him with due care and respect. *Id.* at 14-15. The administrative judge found that the decision letter sufficiently set forth the deciding official's analysis. ID at 33 n.19; IAF, Tab 8 at 14-15. While the deciding official did not discuss the mitigating factors that the appellant identifies on review, PFR File, Tab 3 at 14-15; IAF, Tab 4 at 14-15, the

administrative judge discussed them when considering the merits of the appeal, ID at 13-14. He found that the trainee's preexisting medical conditions did not excuse the appellant's failure to call 911 because she was unaware of them and should therefore have perceived the trainee's symptoms as heat-related. ID at 14. He also discussed exactly what the appellant did for the trainee in response to his symptoms—providing fluids and popsicles to cool him down and acquiescing to his request not to call 911. ID at 13-14. We agree with the administrative judge that the trainee's preexisting medical conditions, even if the appellant was not aware of them, do not mitigate her failure to follow the instruction. The appellant is not a medical professional, and is therefore in no position to second-guess the instruction. For the same reason, her attempts to address the appellant's symptoms, although arguably compassionate, undermined the agency's clear instructions to call 911 to seek medical help immediately when anyone exhibits signs of heat-related illness. Thus, under the circumstances present, we find that the mitigating effect of these factors is minimal, and is outweighed by the severity of the appellant's misconduct.

Thus, we find that the deciding official's penalty analysis was thorough and reasonable and that the appellant's arguments on review do not provide any basis to mitigate the penalty. PFR File, Tab 3 at 11-14; IAF, Tab 8 at 14-15; *see Douglas*, 5 M.S.P.R. at 305-06 (setting forth the factors to be considered in determining the reasonableness of an agency's penalty determination).

**NOTICE OF APPEAL RIGHTS**[7]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter.  5 C.F.R. § 1201.113.  You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[7] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[8]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.   5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[8] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

*Gina K. Grippando*

_____

Gina K. Grippando
Clerk of the Board

Washington, D.C.